# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| TIMOTHY A. THATCHER, | * |
| | *    No. 17-1628V |
|     Petitioner, | *    Special Master Christian J. Moran |
| v. | * |
| | *    Filed: April 12, 2019 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | *    Dismissal, insufficient proof, |
| | *    influenza vaccine, GBS. |
|     Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>John C. Thornton</u>, Andrews Thornton Higgins Razmara LLP, Irvine, CA, for petitioner.
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

Mr. Timothy Thatcher claims that an influenza vaccination he received on October 22, 2015 caused him to develop Guillain-Barre syndrome over 110 days later. Mr. Thatcher's only support for his claim of a vaccine injury consists of two conclusory statements of a medical expert. Even more, the medical expert's cursory opinion relied on mistaken assumptions about the interval between the vaccination and the onset of Mr. Thatcher's GBS and failed to address a conspicuous alternate cause for Mr. Thatcher's GBS. Mr. Thatcher was ordered to supplement the expert report with additional evidence. Mr. Thatcher declined the opportunity to do so. Mr. Thatcher was then ordered to show cause for why his

---

[1] Because this ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the ruling.

petition should not be dismissed.  Mr. Thatcher did not do so.  Accordingly, Mr. Thatcher's petition is now DISMISSED for insufficient proof.

**Brief Procedural and Factual History**

On October 30, 2017, Mr. Thatcher filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., alleging that he suffered from Guillain-Barre syndrome (GBS) on or around February 11, 2016, as a result of the flu vaccine he received on October 22, 2015.  See Pet. at ¶ 2, 4.  Importantly, Mr. Thatcher self-reported in his medical records that he suffered from an upper respiratory infection about 10 days before the GBS started.  Exhibit 3 at 8, 21.

In his Rule 4(c) report, the Secretary opposed Mr. Thatcher's entitlement to compensation under the Act on the basis that the evidence in the record did not support the conclusion that the vaccination was the cause-in-fact of Mr. Thatcher's GBS.  Resp't's Rep., filed Sept. 5, 2018, at 6-7.

A Rule 5 status conference was held on September 13, 2018.  Pursuant to the Vaccine Rules, the undersigned communicated an evaluation of the parties' respective positions and offered tentative findings and conclusions.  Vaccine Rule 5(a).  More specifically, petitioner was informed that the 112-day period between the vaccination and the onset of Mr. Thatcher's GBS was not consistent with a finding of causation-in-fact based upon the undersigned's "accumulated expertise" in the Vaccine Program.  See Hodges v. Sec'y of Dep't of Health & Human Servs., 9 F.3d 958, 961 (Fed. Cir. 1993) (noting that Congress intended that special masters would judge the merits of individual claims based upon their "accumulated expertise in the field").  Petitioner was also informed that the respondent was correct to note that upper respiratory infections often precede and, are thought to sometimes cause, GBS.  See, e.g., Eamick v. Sec'y of Health & Human Servs., No. 15-519V, 2018 WL 2926048, at *5 (Fed. Cl. Spec. Mstr. May 15, 2018) (noting that although gastrointestinal infections were the most common cause of GBS, upper respiratory infections were another common culprit).  Accordingly, Mr. Thatcher's history of an upper respiratory infection in the days prior to onset further undermine petitioner's claim that the vaccination caused his GBS.  Order, issued Sep. 14, 2018, at 1.

During the Rule 5 status conference, petitioner requested time to consider filing an expert report in support of causation.  Petitioner was ordered to have any filed expert report "address both the timing and the URI as an alternate cause."  Id.

2

Mt. Thatcher filed a two-and-a-half-page expert report from Dr. Jack Schim, M.D. on November 15, 2018.  Dr. Schim, a board-certified neurologist, provided a brief recitation of Mr. Thatcher's medical history before stating two sentences regarding the issue of causation.  Dr. Schim stated that "In my professional opinion, expressed to a reasonable degree of medical certainty, Mr. Thatcher has Guillain-Barre syndrome that was more likely than not caused by the flu vaccine."  Expert Rep. at ¶ 15.  Dr. Schim also stated that "although the onset of symptoms (which included cold-like symptoms) occurred several weeks[2] after Mr. Thatcher was administered a flu shot, his clinical course makes it more likely than not that the flu shot caused Guillain-Barre syndrome."  Id. at ¶ 16.

A status conference was held on November 15, 2018 to discuss Dr. Schim's report.  The undersigned raised a concern that Dr. Schim's report included only two sentences that provided an analysis of the cause of Mr. Thatcher's disease and that those two sentences were entirely conclusory.  Order, issued Nov. 20, 2018, at 1.  Petitioner was warned that expert reports that merely provided an unsupported opinion would not carry his burden of proof and might not even create a reasonable basis for his petition.  Id. at 2 (citing Perreira v. Sec'y of Dep't of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994) ("Congress must not have intended that every claimant, whether being compensated or not under the Vaccine Act, collect attorney fees and costs by merely having an expert state an unsupported opinion that the vaccine was the cause in-fact of the injury")).

Mr. Thatcher was advised during the status conference that if he intended to pursue his claim for compensation, he should strongly consider supplementing his expert report.  At the least, Dr. Schim would need to address three issues: 1) the theory by which Mr. Thatcher's flu vaccine may have caused his GBS, 2) the expected period of time to lapse between the vaccination and the onset of GBS under the proposed theory, and 3) an opinion for why it is more likely that Mr. Thatcher's vaccination 112 days prior to onset caused his GBS when Mr. Thatcher suffered from a known cause of GBS approximately 10 days prior to the onset of the disease.  Order, issued Nov. 20, 2018, at 2.

Mr. Thatcher was also advised that there was a real question as to whether his petition had a reasonable basis and that, accordingly, he should carefully consider whether procuring a supplemental expert report would be advisable.  Id.

---

[2] Mr. Thatcher's GBS started 16 weeks after the vaccination.

On January 24, 2019, petitioner filed a status report stating that he "does not intend to present a supplemental expert report or any additional evidence."

On February 4, 2019, the undersigned issued Mr. Thatcher an order to show cause for why his petition should not be dismissed for insufficient proof "so that petitioner may have an opportunity to cure the deficits in his petition prior to dismissal." Order at 3. Mr. Thatcher was provided a deadline of March 15, 2019 to supplement his proof or otherwise argue why his petition should not be dismissed. Id. Mr. Thatcher did not provide additional evidence or argument.

**Analysis**

Petitioners are required to establish their cases by a preponderance of the evidence. 42 U.S.C. § 300aa–13(1)(a). The preponderance of the evidence standard requires a "trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the judge of the fact's existence." Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010) (citations omitted). In other words, Mr. Thatcher must prove that, more likely than not, he was injured by his vaccination.

Mr. Thatcher has not submitted evidence that allows the undersigned to conclude that the vaccination he received on October 22, 2015 caused him to develop GBS on February 11, 2016. The only evidence in the record supporting a finding of causation appears to be the report from Dr. Schim. However, the undersigned will not credit an expert's purely conclusory statements, especially when those statements are inconsistent with, and fail to address, important underlying facts.

Mr. Thatcher has now been provided nearly five months to supplement the deficient expert report of Dr. Schim. See order, issued Nov. 20, 2018. Mr. Thatcher has consciously declined to do so. See Pet'r's Rep., filed Jan. 24, 2019.

For these reasons, the undersigned finds that Mr. Thatcher has been provided a full and fair opportunity to present his case of a vaccine injury. See Vaccine Rule 3(b)(2). Furthermore, the undersigned finds that the evidence entered by Mr. Thatcher is not sufficient to meet his statutory burden for proving a compensable vaccine injury. Accordingly, Mr. Thatcher's petition is DISMISSED pursuant to Vaccine Rule 8(d).

The Clerk's office is instructed to enter judgment in accord with this decision.

IT IS SO ORDERED.

s/Christian J. Moran
Christian J. Moran
Special Master
