# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| TIMOTHY A. THATCHER, | * | |
| | * | No. 17-1628V |
| Petitioner, | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: August 25, 2021 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | attorneys' fees and costs, |
| | * | reasonable basis. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

<u>John C. Thornton</u>, Andrews Thornton Higgins Razmara LLP, Irvine, CA, for petitioner.
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING ATTORNEYS' FEES AND COSTS[1]**

Mr. Timothy Thatcher claimed that an influenza vaccination he received on October 22, 2015, caused him to develop Guillain-Barré syndrome over 110 days later. His case was dismissed for a lack of proof. <u>Thatcher v. Sec'y of Health & Human Servs.</u>, No. 17-1628V, 2019 WL 2153342 (Fed. Cl. Spec. Mstr. Apr. 12, 2019).

As the Vaccine Act permits, Mr. Thatcher has sought an award of attorneys' fees and costs. However, Mr. Thatcher did not show that he was eligible for an award of attorneys' fees and costs. Thus, his motion for attorneys' fees and costs is DENIED.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the ruling.

## **Standards for Adjudication**

Petitioners who have not been awarded compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Reasonable basis is purely an evaluation of the objective weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Two more recent cases are examples in which petitioners might have satisfied the reasonable basis standard. The Federal Circuit clarified the reasonable basis standard, specifically regarding materials that constitute objective evidence, in Cottingham v. Secretary of Health & Human Services, stating that "failure to consider objective evidence presented in support of a reasonable basis for a claim would constitute an abuse of discretion." 971 F.3d 1337, 1345 (Fed. Cir. 2020). Furthermore, in categorizing medical records as objective evidence, the Federal Circuit stated, "[m]edical records can support causation even where the records provide only circumstantial evidence of causation." Id. at 1346. The Federal Circuit in Cottingham specified that "[w]e make no determination on the weight of the objective evidence in the record or whether that evidence establishes reasonable basis, for these are factual findings for the Special Master and not this court." Id. at 1347.

Finally, in its most recent opinion regarding the reasonable basis standard, the Federal Circuit stated that medical records, affidavits, and sworn testimony all constitute objective evidence to support reasonable basis. James-Cornelius v. Sec'y of Health & Human Servs., 984 F.3d 1374, 1379-81 (Fed. Cir. 2021). The Federal Circuit further clarified that "absence of an express medical opinion on causation is not necessarily dispositive of whether a claim has reasonable basis." Id. at 1379 (citing Cottingham, 971 F.3d at 1346). These two most recent decisions guide the analysis regarding what types of evidence constitute objective evidence of reasonable basis, as originally articulated in Simmons, though the ultimate weighing of such evidence is left up to the special master.

## Analysis[2]

Mr. Thatcher's only support for his claim of a vaccine injury consists of two conclusory statements of a medical expert. Mr. Thatcher filed a two-and-a-half-page expert report from Dr. Jack Schim, M.D., on November 15, 2018. Dr. Schim, a board-certified neurologist, provided a brief recitation of Mr. Thatcher's medical history before stating two sentences regarding the issue of causation. Dr. Schim stated that "In my professional opinion, expressed to a reasonable degree of medical certainty, Mr. Thatcher has Guillain-Barre syndrome that was more likely than not caused by the flu vaccine." Expert Rep. ¶ 15. Dr. Schim also stated that "although the onset of symptoms (which included cold-like symptoms) occurred several weeks[3] after Mr. Thatcher was administered a flu shot, his clinical course makes it more likely than not that the flu shot caused Guillain-Barre syndrome." Id. ¶ 16.

A status conference was held on November 15, 2018, to discuss Dr. Schim's report. The undersigned raised a concern that Dr. Schim's report included only two sentences that provided an analysis of the cause of Mr. Thatcher's disease and that those two sentences were entirely conclusory. Order, issued Nov. 20, 2018, at 1. Petitioner was warned that expert reports that merely provided an unsupported opinion would not carry his burden of proof and might not even create a reasonable basis for his petition. Id. at 2 (citing Perreira v. Sec'y of Dep't of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994) ("Congress must not have intended that every claimant, whether being compensated or not under the Vaccine Act, collect attorney fees and costs by merely having an expert state an unsupported opinion that the vaccine was the cause in-fact of the injury.")).

---

[2] The decision denying compensation contains additional details about the case.
[3] Mr. Thatcher's GBS started 16 weeks after the vaccination.

3

Mr. Thatcher was given an opportunity to submit additional evidence, but he did not. After that opportunity passed, his case was dismissed.

Mr. Thatcher requested an award of attorneys' fees and costs. Pet'r's Mot., filed Nov. 7, 2019. Mr. Thatcher, however, did not present any argument addressing how his case satisfies the reasonable basis standard. Accordingly, Mr. Thatcher was given a second opportunity to show a reasonable basis supported the claims set forth in his petition. Order, issued April 9, 2020. Nevertheless, Mr. Thatcher did not submit any additional argument.

In the absence of any argument from Mr. Thatcher regarding reasonable basis, the undersigned would be hard-pressed to find reasonable basis. See Vaccine Rule 8(f). But, the undersigned has looked to the evidence to see whether there is objective support for the claim set forth in Mr. Thatcher's petition. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018) (indicating that special masters have an independent obligation to review fee applications).

Here, the undersigned cannot locate any ground for finding a reasonable basis for the claim set forth in Mr. Thatcher's petition. Dr. Schim's statement is not sufficient. See Perreira v. Sec'y of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994); Murphy v. Sec'y of Health & Human Servs., 30 Fed. Cl. 60 (1993) (ruling that the special master did not abuse his discretion in finding a petition lacked reasonable basis, despite the presence of an expert's report).

## **Conclusion**

Mr. Thatcher's November 7, 2019 motion for attorneys' fees and costs is DENIED. The Clerk's Office is instructed to enter judgment in accord with this decision unless a motion for review is filed within the time the Vaccine Rules permit.

IT IS SO ORDERED.

s/Christian J. Moran
Christian J. Moran
Special Master